PD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Andrews | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. **19** **0107** |
| Kelly, et. al. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human
    Services denying plaintiff Social Security Benefits.                                     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   **555** (☒)

| | | |
|---|---|---|
| JAN – 8 2019 | Ord Mal | |
| **Date** | **Deputy Clerk** | **Attorney for** |
| | | |
| | | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

PD

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**19     0107**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ PO Box 244, Collegeville, PA 19426 _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____ Montgomery _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above

DATE ____ **JAN - 8 2019** ____   *Dan McGah* _____   _____
*Attorney-at-Law / Pro Se Plaintiff*               *Attorney I D  # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**   *Federal Question Cases:*

- ☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.   FELA
- ☐ 3   Jones Act-Personal Injury
- ☐ 4   Antitrust
- ☐ 5.   Patent
- ☐ 6   Labor-Management Relations
- ☑ 7.   Civil Rights   555
- ☐ 8.   Habeas Corpus
- ☐ 9.   Securities Act(s) Cases
- ☐ 10   Social Security Review Cases
- ☐ 11   All other Federal Question Cases
  *(Please specify)* _____

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1   Insurance Contract and Other Contracts
- ☐ 2.   Airplane Personal Injury
- ☐ 3.   Assault, Defamation
- ☐ 4.   Marine Personal Injury
- ☐ 5.   Motor Vehicle Personal Injury
- ☐ 6   Other Personal Injury *(Please specify)* _____
- ☐ 7   Products Liability
- ☐ 8.   Products Liability - Asbestos
- ☐ 9   All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify

☐   Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs.

☐   Relief other than monetary damages is sought

DATE _____   _____   _____
*Attorney-at-Law / Pro Se Plaintiff*               *Attorney I D  # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P  38



E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights



# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| **MICHAEL ANDREWS ("ANDREWS"),** | ) | Case No. **19    0107** |
| _____ | ) | _(to be filled in by the Clerk's Office)_ |
| _Plaintiff(s)_ | ) |  |
| _(Write the full name of each plaintiff who is filing this complaint._ | ) |  |
| _If the names of all the plaintiffs cannot fit in the space above,_ | ) | **JURY TRIAL DEMANDED** |
| _please write "see attached" in the space and attach an additional_ | ) |  |
| _page with the full list of names.)_ | ) |  |
| -v- | ) |  |
| **OFFICERS KELLY, CRUZ, TUCKER, UNIT** | ) |  |
| **MANAGER NUNEZ, SGT. CURRAN, LT. C.** | ) |  |
| **DiGUARDI, SUPT. TAMMY FERGUSON, JOHN** | ) |  |
| **AND JANE DOES,** | ) |  |
| **COMMONWEALTH** _Defendant(s)_ | ) |  |
| _(Write the full name of each defendant who is being sued. If the_ | ) |  |
| _names of all the defendants cannot fit in the space above, please_ | ) |  |
| _write "see attached" in the space and attach an additional page_ | ) |  |
| _with the full list of names. Do not include addresses here.)_ | ) |  |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

Page 1 of 11

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | MICHAEL ANDREWS ("ANDREWS") |
| All other names by which you have been known: | none |
| ID Number | DG1103 |
| Current Institution | SCI-PHOENIX ("PHX") |
| Address | 1200 Mokychic Drive |
| | Collegeville, Pennsylvania 19426-0244 |
| | *City*          *State*          *Zip Code* |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | OFFICER/UNIT MANAGER KELLY |
| Job or Title *(if known)* | Officer (now Unit Manager) |
| Shield Number | unknown |
| Employer | PA DOC at SCIG/PHX |
| Address | 1920 Technology Parkway, Mechanicsburg, PA |
| | Route 29 Gravel Pike Road, P.O. Box 244, Graterford, PA |
| | 1200 Mokychic Drive, Collegeville, PA 19426-0244 |
| | *City*          *State*          *Zip Code* |

[x] Individual capacity   [ ] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | OFFICER CRUZ |
| Job or Title *(if known)* | Correctional Officer |
| Shield Number | unknown |
| Employer | PA DOC at SCIG/PHX |
| Address | 1920 Technology Parkway, Mechanicsburg, PA |
| | Route 29 Gravel Pike Road, P.O. Box 244, Graterford, PA |
| | 1200 Mokychic Drive, Collegeville, PA 19426-0244 |
| | *City*          *State*          *Zip Code* |

[x] Individual capacity   [ ] Official capacity

PARTIES CONTINUED (Page 1):

Defendant No. 5
                Name:  Sergeant Curran ("Sgt. Curran")
                Job or Position: Property Room Sergeant ("Property")
                Shield or Badge No.:  unknown
                Employer: PA DOC at SCIG/PHX
                Address: 1920 Technology Parkway, Mechanicsburg, PA 17050
     Route 29 Gravel Pike Road, P.O. Box 244, Graterford, PA 19426-0244
                1200 Mokychic Drive, Collegeville, PA 19426-0244
                Sued in both individual and official capacities

Defendant No. 6
                Name: Lt. C. DiGuardi ("DiGuardi")
                Job or Position: Lieutenant
                Shield or Badge No.: unknown
                Employer: PA DOC at SCIG/PHX
                Address: 1920 Technology Parkway, Mechanicsburg, PA 17050
     Route 29 Gravel Pike Road, P.O. Box 244, Graterford, PA 19426-0244
                1200 Mokychic Drive, Collegeville, PA 19426-0244
                Sued in both individual and official capacities

Defendant No. 7
                Name: Tammy Ferguson ("Ferguson")
                Job or Position: Superintendent at SCIG/PHX
                Shield or Badge No.: unknown
                Employer: PA DOC at SCIG/PHX
                Address: 1920 Technology Parkway, Mechanicsburg, PA 17050
     Route 29 Gravel Pike Road, P.O. Box 244, Graterford, PA 19426-0244
                1200 Mokychic Drive, Collegeville, PA 19426-0244
                Sued in both individual and official capacities

Defendant No. 8
                Name: Officer Woodward
                Job or Position: Correctional Officer
                Shield or Badge No.: unknown
                Employer: PA DOC at SCIG/PHX
                Address: 1920 Technology Parkway, Mechanicsburg, PA 17050
     Route 29 Gravel Pike Road, P.O. Box 244, Graterford, PA 19426-0244
                1200 Mokychic Drive, Collegeville, PA 19426-0244
                Sued in both individual and official capacities

Defendant No. 9
                Name: John/Jane Does ("Does")
                Job or Position: unknown at this time
                Shield or Badge No.: unknown at this time
                Employer: PA DOC/SCIG/PHX
                Address: 1920 Technology Parkway, Mechanicsburg, PA 17050
     Route 29 Gravel Pike Road, P.O. Box 244, Graterford, PA 19426-0244
                1200 Mokychic Drive, Collegeville, PA 19426-0244
                Sued in both individual and official capacities
     Pursuant to F.R.Civ.P. 15 (a-d) permission is requested to amend
     complaint with the identities and actions of persons presently
     unknown and revealed/disclosed during the discovery process.

Commonwealth Defendants: Kelly, Cruz, Tucker, Sgt. Curran, Lt.
DiGuardi, Ferguson, Woodward are presently at SCI-Phoenix, 1200
Mokychic Drive, Collegeville, PA 19426-0244

E.D. Pa. AO Pro Se 14 (Rev. 04/18) Complaint for Violation of Civil Rights

Defendant No. 3

| | |
|---|---|
| Name | Officer L. Tucker ("Tucker") |
| Job or Title *(if known)* | Correctional Officer |
| Shield Number | unknown |
| Employer | PA DOC at SCIG/PHX |
| Address | 1920 Technology Parkway, Mechnicsburg, PA |

Route 29 Gravel Pike Road, P.O. Box 244, Graterford, PA
1200 Mokychic Drive, Collegeville, PA 19426-0244

City State Zip Code

[xx] Individual capacity   [ ] Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Unit Manager Nunez ("Nunez") |
| Job or Title *(if known)* | Unit Manager |
| Shield Number | unknown |
| Employer | PA DOC at SCIG/PHX |
| Address | 1920 Technology Parkway, Mechnicsburg, PA |

Route 29 Gravel Pike Road, P.O. Box 244, Graterford, PA
1200 Mokychic Drive, Collegeville, PA 19426-0244

City State Zip Code

[xx] Individual capacity   [ ] Official capacity

See attached page for Commonwealth Defendants continued

II.   **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[xx] State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Unreasonable seizure and discarding/destruction/theft of legal materials, trial transcripts, and personal property without due pprocess (substantial nor procedural due process), Cruel and Unusual Punishment, Rights Retained by the People (Local Policy Memo Dated 4/2/09; DC-ADM 203; DC-ADM 815 effective 8/22/16), the equal protection of the law; interference with Plaintiff's right

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

to challenge his criminal convictions/sentences and access to the Court guaranteed by Amendments 1, 4, 6, 8, 9, and 14.

**for C above see attached pages**

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. **Plaintiff is not suing under Bivens, but Commonwealth Defendants, under the color of State or Local Law committed the following acts, violating the following constitutional rights and federal laws:**
**see attached pages**

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

**The claims arose at the former State Correctional Institution at Graterford ("SCIG") and Plaintiff is now housed at SCI-Phoenix ("PHX")**

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

**The seizure, destruction and theft of Plaintiff's legal transcripts materials, and personal property without due process of law took place on 12/19/17 after Plaintiff was placed in the RHU by Security Officers, while housed on D-Block Housing Unit.**
Continued on attached pages

II. BASIS FOR JURISDICTION Document 1 CONTINUED Filed 08/18/18 Page 8 of 49

...Commonwealth Defendants Kelly, Cruz, Woodward, Tucker, Nunez Curran and Does unreasonably seized, destroyed, discarded and stole Plaintiff's trial transcripts, legal materials and personal property that had not been placed in two huge plastic bags -with the assistance of fellow Prisoners helping to pack Plaintiff's belongings remaining in his D-Block cell for several days after his being taken to the RHU by Security Officers- outside the presence of Plaintiff and without inventorying the remaining property and initial cell contents as Local Policy Memo April 2, 2009, DC-ADM 203 DC-ADM 815 (effective 8/22/16), due process and equal protection of the law requires.

Commonwealth Defendants Curran, Nunez, Kelly, Cruz, Woodward, Tucker, DiGuargi and Ferguson deprived Plaintiff of his right to due process and equal protection of the law after they were informed of Commonwealth Defendants Kelly, Cruz, Woodward, Tucker, Nunez, Curran and Does unreasonably seized, destroyed, discarded and stole Plaintiff's trial transcripts, legal materials and personal property that had not been placed in two huge plastic bags and failed to take any steps whatsoever to correct the violations of Plaintiff's 1st, 4th, 6th, 8th, 9th, 14th Amendments Local Policy Memo April 2, 2009, DC-ADM 203 and DC-ADM 815 (eff. 8/22/16) PADOC Policies.


Also herein is a copy of the inventory sheet #943892 with officer L. Tucker Signature and no Signature of the Property Officer as EX:P. Along with the Signature of Unit Manager O. Nunez confirming that my Personal Property was packed on date 12-27-17 when I was placed in the RHU/DTU 12-19-17 check right side of inventory sheet in the comments area.

IV. STATEMENT OF CLAIM (A & B) CONTINUED (Page 1):

...After Plaintiff was placed in the RHU by Security Officers, the block officers Commonwealth Defendants Kelly, Cruz, Tucker and Does packed Plaintiff's property in two (2) huge plastic bags, while throwing away Plaintiff's trial transcripts to CP-51-CR-1006871-1995 and CP-51-CR-0950924581, additional legal materials, sneakers, sweat pants, sweat shorts, sweat shirts, dictionary, typing paper and broke Plaintiff's Brother ML 500 Typewriter in the process.

Plaintiff was not present when Commonwealth Defendants Kelly, Cruz, Tucker and Does [several Prisoners who were allowed to help pack and remove Plaintiff's belongings from the cell according to several Prisoners who were present] packed Plaintiff's property without inventorying the property and/or providing a confiscation slip for the items being seized by Commonwealth Defendants as the Packing of Property Memo (Local Policy dated April 2, 2009), DC-ADM 203 and DC-ADM 815 (effective 8/22/16) mandates. See: Ex. A (Local Policy, 4/2/09), B (DC-ADM 203 Cell Searches), and C (DC-ADM 815 effective 8/22/16) appended hereto.

Commonwealth Defendant Curran, being in a position of authority knowing and being experienced with Local Policy 4/2/09, DC-ADM 203 and DC-ADM 815 knew that when Commonwealth Defendants Nunez (who allowed the property to sit in the cell for days after his RRHU placement), Kelly, Cruz, Tucker and Tucker brought the portion of Plaintiff's seized property not discarded to the property room and placed it in Curran's possession.

Curran was aware of the material fact that Defendants Nunez, Kelly, Cruz and Tucker bringing the remaining portion of Plaintiff seized property to the property room in two (2) plastic bags with no inventory sheet and numerous days after Plaintiff was placed in the RHU was in direct violation of Local and DOC Policy and that he should have exercised his authority and ordered Nunez, Kelly, Cruz, Tucker and Does to correct the violations of policy prior to accepting custody and possession of Plaintiff's seized property.

Plaintiff did not authorize Kelly, Nunez, Cruz, Tucker, Curran and Does to destroy and/or to discarded his seized legal materials, legal trial transcripts and any other property discarded -or the property Kelly, Cruz, Tucker, Nunez, Curran, and Does allowed fellow Prisoners to take as they assisted Defendants in packing Plaintiff's belongings in two trash bags and removing them from his D-Block cell.

Once Plaintiff discovered that his property was placed in two trash bags, his legal trial transcripts and materials and other personal items were discarded after being seized by Kelly, Cruz, Tucker, Curran, Nunez and Does he filed a grievance that DiGuardi answered with a false response that he interviewed Tucker (Ex. D [Grievance #722499], E [DiGuardi Response to Grievance #722499]) but Tucker signed a Request to Staff Slip indicating he was never interviewed (Ex. F [Tucker Request Slip]), and Plaintiff filed

IV. STATEMENT OF CLAIM (A & B) CONTINUED (Page 2):

...a second Grievance #730112 on the false response Defendant DiGuardi filed (Ex. E) to Grievance # 722499 (Ex. D) that was rejected by the grievance coordinator (Ex. G [Grievance #730112] and and H [Rejection Form to Grievance #730112]), that Plaintiff immediately appealed to Defendant Ferguson with his appeal to Exhibits I [Grievance# 722499] and J [Grievance Rejection #730112]) denied by Ferguson (Ex. K -Grievance #722499 and L -Grievance #730112). Plaintiff appealed the Ferguson's denials to Final Review (Ex. M -Grievance #722499; N -Grievance #730112) that were also both denied at Final Review (Ex. O -Grievance #722499; and P-Grievance #730112) in spite of the clear violations of Local Poilcy Memo April 2, 2009 (Ex. A), DC-ADM 203 (Ex. B), DC-ADM 815 (eff. 8/22/16; Ex. C), the 1st, 4th, 6th, 8th, 9th and 14th Amendments.

Plaintiff had a Appellate Court briefing date for May 21, 2018 in his criminal case appeals of CP#09509245811; and 51-1006871-1995 where he was deprived of citing parts of the record and proceedings that he complained error was present.

Commonwealth Defendants -collectively- had no right to unreasonably seize, destroy, discard, steal or to allow other Prisoners to steal his trial transcripts, 20 photos of his dead mother, leather Oxford Dictionary, 5 Prem Ink Jet Paper (200 sheets 8.5 x 11), fan, 2 pairs of sweat pants, 2 pairs of sweat shorts, 2 sweat shirts, Nike Overplay VII sneakers and to break his Brother ML-500 typewriter, without due process and/or compensation, outside of his presence and without inventorying the cell contents and property placed in two huge plastic bags in violation of Local Policy Memo April 2, 2009, DC-ADM 203, DC-ADM 815 (eff. 8/22/16), the 1st, 4th, 6th, 8th, 9th and 14th Amendments since Plaintiff's trial transcripts, legal materials and personal property belonged to Plaintiff, was Plaintiff's legal and personal property, purchased with Plaintiff's own monies and totally owned by Plaintiff who did not give consent and/or authority to Commonwealth Defendants to seize, destroy, discard and/or to steal his trial transcripts, legal and personal property; nor did he give any other person consent or authority to do either.

C.    What date and approximate time did the events giving rise to your claim(s) occur?

**December 19, 2017 at SCI-Graterford involving the unreasonable seizure destruction/discarding/theft of legal materials, trial transcripts and personal property; and March 15, 2018 involving false report of DiGuardi**

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* **Plaintiff's legal materials, trial transcripts and personal property was unreasonably seized discarded, destroyed and/or placed in two huge plastic bags by Commonwealth Defendants Kelly, Cruz and Tucker with the assistance of Prisoners helping Defendants pack Plaintiff's property that Nunez allowed to remain in Plaintiff's D-Block cell for at least nine (9) days -an unlocked/unsecured cell- prior to Kelly, Cruz, Tucker with the help of Prisoners packed his property in his D-Block cell in violation of DOC Policy. After Woodward, Kelly, Cruz, Tucker, Nunez and Does unreasonably seized discarded, destroyed and stole Plaintiff's legal and personal**

V.    Injuries                                    **Continued on attach pages**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. **Plaintiff's trial transcripts for CP-51-CR-0950924581 and CP-51-CR-1006871-1995, work product and other legal materials worth at least $5,500, 2 sweat pants, 2 sweat shirts, 2 sweat shorts, fan, Nike Overplay VII sneakers, leather covered Oxford Dictionary, 5 Prem Ink Jet Paper 200 Sheets 8.5 x 11, Broken Typewriter (Brother ML 500) were discarded, destroyed, stolen by Woodward, Kelly, Tucker, Nunez, Cruz -other Prisoners permitted to help pack his property- when or during the period of his appeal briefing date hampering his ability to prepare his appellant brief; curran, Diguardi, Ferguson and Does failed to correct the problem when brought to their attention, DiGuardi filed a false investigation response**

VI.    Relief                                    **Continued on attached pages**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. **Compensatory damages in an amount to exceed $6,002.67, punitive damages in an amount to exceed $250,000, nomial damages in an amount to exceed $5,000, jury trial on every triable issue, grant IFP status, service of complaint upon each Commonwealth Defendant by U.S. Marshal, costs, appointment of counsel and attorney fees, costs personally incurred by Plaintiff in bringing suit (postage, photocopies, etc.) any and all other relief the Court may deem appropriate, just and proper including but not limited to a declaratory judgment that Commonwealth Defendants violated Plaintiff's 1, 4, 6, 8, 9 and 14th Amendments while working under the color of state and local law; and injunctive relief. Permission to Amend others as defendants.**

IV. STATEMENT OF CLAIMS (D) CONTINUED (Page 1):

...property -the property not placed in the two huge plastic bags
and taken to Curran in the Property Room- Plaintiff spoke with
Kelly, Cuz, Tucker, Woodward and Nunez and filed Grievance and
Appeal #722499 to every level of the grievance and appeal process
seeking the return of his trial transcripts, legal materials,
and personal property and/or compensation for reimbursement and/or
the replacement of those items. Commonwealth Defendants Curran,
Nunez, Woodward, Cruz, Kelly, DiGuardi, Ferguson, Tucker and Does
denied relief and DiGuardi filed a false grievance response falsely
reporting that he interviewed Tucker, but Tucker placed in writing
that no interviewed took place. Plaintiff filed Grievance and
Appeal #730112 seeking to have grievance and appeal #722499
remanded for a proper review and investigation since DiGuardi's
response was false and no investigation was done prior to
DiGuardi's denial of Grievance #722499; however, relief was denied
after the grievance coordinator rejected Plaintiff's Grievance
#730112 filing by Ferguson and the remaining Commonwealth
Defendants.


V. INJURIES CONTINUED (Page 1):

...and no Commonwealth Defendant took any steps whatsoever to
correct the unreasonable seizure, destruction, discarding and
theft of Plaintiff's trial transcripts, legal materials and
personal property by Commonwealth Defendants and Prisoners allowed
to assist Defendants in the packing of Plaintiff's legal and
personal property in violation of Local Policy Memo (April 2,
2009), DC-ADM 203, DC-ADM 815 (eff. 8/22/16 Amendment 9 [Other
Rights Retained by the People]), 1st, 4th, 6th, 8th, 9th and 14th
Amendments outside of Plaintiff's presence, without inventorying
his property or providing due process and a fair opportunity to
be heard before the permanent seizure, destruction, discarding
and theft of Plaintiff's trial transcripts, legal materials and
personl property as guaranteed by the equal protection of the
law clauses of the U.S. Constitution. and/or just compensation.

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

`The former State Correctional Institution at Graterford,`
`("SCIG"), Route 29 Gravel Pike Road, P.O. Box 244,`
`Graterford, PA 19426`

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)? `unreasonable seizure and destruction of`
`legal property, trial transcripts, and personal property that`
`was then destroyed, discarded and/or stolen in direct violation`
`of Local Policy Memo 4/2/09, DC-ADM 203 and DC-ADM 815 (effective`
`8/22/16), the first, fourth, sixth, eighth, ninth and fourteenth`
`amendments of the U.S. Constitution.`

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

[xx] Yes

[ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

[xx] Yes

[ ] No

E.    If you did file a grievance:

    1.   Where did you file the grievance?   the former SCIG
    (Grievance and Appeal #722499 and #730112)

    2.   What did you claim in your grievance? Kelly, Cruz, Tucker and Does -along with several Prisoners- packed Plaintiff's personal property in two huge trash bags, while discarding his legal materials, trial transcripts and stealing property such as his Nike Overplay VII sneakers, 2 sweat pants, 2 sweat shirts, 2 sweat pants, fan, leather Oxford Dictionary, 5 Prem Ink Jet Paper (200 Sheets, 8.5 x 11), and breaking his typewriter (Brother ML 500)(Grievance #722499) the second grievance continued on attached pages

    3.   What was the result, if any?

Grievance #722499 was denied, appealed to Facility Manager and Final Review, who all denied relief and compensation; Grievance #730112 was rejected by the grievance coordinator, appealed to the Facility Manager and Final Review, who all denied relief as well.

    4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Grievance #722499 was appealed to the Facility Manager and Final Review, who denied relief without compensation; Grievance #730112 was appealed to the Facility Manager and Final Review and also denied relief.

F.     If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

   **N/A**

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   **N/A**

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.   **Plaintiff spoke with Kelly, Cruz, Tucker, Nunez and Diguardi and received a signed request slip from Tucker that Diguardi did not interview him as Diguardi's response to Grievance #722499 said took place.**

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

**VIII.  Previous Lawsuits**

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

   **N/A**

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
Plaintiff(s) _____ N/A _____
Defendant(s) _____ N/A _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*
_____ N/A _____

3.   Docket or index number
_____ N/A _____

4.   Name of Judge assigned to your case
_____ N/A _____

5.   Approximate date of filing lawsuit
_____ N/A _____

6.   Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition. _____ N/A _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____ N/A _____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?
No

☐ Yes

☒ No

D.     If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)          N/A

Defendant(s)        N/A

2.   Court *(if federal court, name the district; if state court, name the county and State)*

N/A

3.   Docket or index number

N/A

4.   Name of Judge assigned to your case

N/A

5.   Approximate date of filing lawsuit

N/A

6.   Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition        N/A

7.   What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

N/A

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   _12 – 26 – 18_

Signature of Plaintiff     _Michael Andrews_

Printed Name of Plaintiff     Michael Andrews

Prison Identification #     #DG1103

Prison Address     1200 Mokychic Drive

Collegeville, PA 19426-0244

|  | City | State | Zip Code |

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney     _____

Printed Name of Attorney     _____

Bar Number     _____

Name of Law Firm     _____

Address     _____

|  | City | State | Zip Code |

Telephone Number     _____

E-mail Address     _____

# EXHIBIT

# A

COMMONWEALTH OF PENNSYLVANIA
Department of Corrections
SCI Graterford
REISSUE: April 2, 2009

**SUBJECT:**   Packing of Inmate's Property

**TO:**   All Unit Managers
All Lieutenants
Sgt. Curran, Property Sergeant

**FROM:**   John K. Murray
Deputy Superintendent
Facility Management

Property grievances and pay outs are on the rise, we have had to make reimbursements to inmates for property that we lost, misplaced, or was stolen through the fault of our staff. This goes without saying that this is totally unacceptable. These were all instances where after investigation, our staff was found to be at fault or in most cases, admitted to being at fault. To prevent this from occurring in the future, the procedures for packing an inmate's cell will be as follows, with the exception of when an inmate has to be immediately removed to the RHU.

Inmates will sign the property slip when the property is packed. Property will be packed while the inmate is present and before he goes to the RHU. If the inmate refuses to sign the DC-153, mark it "refused to sign" and whether the inmate signs or not, a Unit Manager or the Unit Lieutenant will also sign the DC-153 packing slip before the property is taken to the Property Office.

The property will be taken to the Property Office immediately after it is packed. It will not be left for the next shift, or the next day, which has been a practice used in the past. If the DC-153 is missing any of the signatures outlined above, it will be refused by the Property Officer.

Up until now we have paid out the money for property that inmates haven't received, but the situation has continued to worsen. If improvement is not noticed, supervisors and managers will start being held accountable. This is not something new. We have packed property for decades. Hold your staff responsible. "We were too busy to pack it" is no longer an acceptable reply. The Majors and Captains will check for compliance.

JKM:kmo
cc:   Superintendent       Captains (7)
Deputy Lorenzo      Wendy Shaylor
Major (1)           FILE:

*"Our mission is to protect the public by confining persons committed to our custody in safe, secure facilities, and to provide opportunities for inmates to acquire the skills and values necessary to become productive law-abiding citizens, while respecting the rights of crime victims."*

# EXHIBIT

B

### B. Pass System

You must have a signed pass when you go from one part of the facility to another. The only exception is group movement such as meals, recreation, work lines, etc. You must use the shortest route to go from point to point without delay. If you do not use the shortest route, you may be issued a misconduct for being in an unauthorized area. A staff member must sign the pass at the beginning and end of the movement. You must show your pass and I.D. to any employee who asks for them.

### C. Request Slips

A **DC-135A, Inmate's Request to Staff Member** is used to ask for information, interviews, or other things from staff members. This form is available on the housing unit. You must use a request slip to arrange a time to speak with staff concerning specific issues. The form has space for you to state the nature of your request. Be sure to write clearly and fill in all the sections at the top of the request slip. Any use of UCC references along with your signature could result in your correspondence or request slips being returned. In most cases, staff will respond to your request slip within five working days.

### D. Searches of Inmates and Cells (DC-ADM 203)

1. Your cell may be searched as part of a general search, randomly selected, or as part of an investigation. During a cell search, precautions are taken to avoid damage to items in the cell. Any item that is contraband or evidence of a crime or misconduct will be confiscated. You will be given a confiscation slip for any item that is removed.

2. If you have excessive personal property in your cell, you may choose to have these items (excluding food items) destroyed or mailed to someone (you must pay the shipping cost). You are not permitted to ship items that are contraband.

3. Confiscated money will be deposited in the Inmate General Welfare Fund (IGWF).

4. Excessive state-issued items will be confiscated; you may be issued a misconduct if the items have been altered or are unusable. A confiscation slip will only be used for non-state issued items and for those that are the subject of a misconduct.

5. You may be present when your cell is searched unless: the ranking officer conducting the search determines that your presence would be a threat to staff or other inmates and/or the security of the facility; if the search is being conducted under emergency conditions; or if your presence will impair an ongoing investigation of criminal activity or violation of facility rules.

6. A random search of your cell may be conducted at any time but no later than one hour after the facility is locked up for the evening.

7. Before the search, an Officer will notify you that your cell has been randomly chosen and you will be given the option of remaining during the search. You will be asked to sign a form to show that you were present during the search or if you choose not to be present. If you refuse to sign the form, the officer will note your refusal on the record.

8. Your cell may be searched as part of an investigation when there is reasonable suspicion that you or your cellmate are concealing contraband, are involved in criminal activity, or involved in an activity that could threaten the security of the facility.

9.  Your cell may be scanned by an electronic drug detection device or drug dogs for narcotics. This may be done without you being present.

10. Your cell will also be inspected for health, safety, and security reasons. A security inspection is conducted to check things such as doors, windows, bars, electrical fixtures, and plumbing. Your personal property will not be searched or disturbed during a security inspection except to the extent necessary to gain access to the things to be checked. Your presence is not required during a security inspection.

11. You may be searched at any time and in any area of the facility. Staff of either gender may conduct a pat search. Pat searches will be conducted in a professional manner. During a pat searched, you must:

    a.  remove all items from your pockets and place them on a suitable surface;
    b.  stand still with your feet apart and arms extended outward, palms upward; and
    c.  follow the directions given by the staff member conducting the search.

12. You may be strip searched, when necessary, for the security and safe operation of the facility. You will be strip searched:

    a.  upon reception;
    b.  before and after every contact visit;
    c.  when leaving the facility grounds and upon your return;
    d.  following activities where you have the opportunity to mingle with outside groups, particularly where there are large numbers of people under minimal supervision;
    e.  periodically if you are permitted to move in and out of the gate areas;
    f.  when there is reason to believe that you are involved in an escape plot or in possession of contraband;
    g.  when you enter or leave any restricted area;
    h.  when you are admitted to, or discharged from, a Level 5 Housing Unit and/or;
    i.  before and after being transported outside the secure perimeter.

13. Strip searches will, whenever possible, be conducted in an area separate from other inmates for privacy and to limit embarrassment. Unless it is an emergency, a staff member of your gender will conduct the strip search. The staff person conducting the search will avoid touching you except as required to control you, if necessary.

14. Strip searches will be conducted in a professional manner. When you are strip searched, you must:

    a.  remove all items from your pockets and place them on suitable surface;
    b.  remove all your clothing;
    c.  stand still with your feet apart and arms extended outward, palms up; and
    d.  follow the direction given by searching staff member.

15. A body cavity search may be conducted when there is reasonable belief that you are concealing contraband inside your body. A body cavity search may be authorized by the Facility Manager/designee when it has been determined that there is imminent danger to your health or to facility security or safety.

E.  **Facility Management**

1.  The Facility Manager is in charge of the security, programs, and activities of the facility.

# EXHIBIT





| | |
|---|---|
| | **POLICY STATEMENT**<br>**Commonwealth of Pennsylvania • Department of Corrections** |

| Policy Subject: | Policy Number: |
|---|---|
| **Personal Property, State Issued Items, and Commissary/Outside Purchases** | **DC-ADM 815** |

| Date of Issue: | Authority: | Effective Date: |
|---|---|---|
| **August 15, 2016** | **Signature on File**<br>**John E. Wetzel** | **August 22, 2016** |

## I. AUTHORITY

The Authority of the Secretary of Corrections to direct the operation of the Department of Corrections is established by Sections 201, 206, 506, and 901-B of the Administrative Code of 1929, 71 P.S. §§61, 66, 186, and 310-1, Act of April 9, 1929, P.L. 177, No. 175, as amended.

## II. APPLICABILITY

This policy is applicable to all Department facilities with regard to inmate person property, basic and state issued items, inmate commissary privileges, outside purchases, and the operation of a commissary, or contracting for the operation of a commissary.[1]

## III. POLICY

It is the policy of the Department to ensure:

A. indigent inmates are provided with basic hygiene items;[2]

B. inmates are provided with basic clothing items at the time of their reception and throughout their confinement;[3]

C. inmates are provided the opportunity to purchase a reasonable variety of items in addition to those furnished by the facility;

---

[1] 2-CO-1B-12
[2] 4-4342
[3] 4-4336

Case 2:19-cv-00107-PD Document 1 Filed 01/08/19 Page 26 of 49

*C-ADM 815, Personal Property, State Issued Items, and*
*Commissary/Outside Purchases Procedures Manual*
*Section 1 – Basic and State Issued Items*

C. **Handling of Property for Transfers**

1. All clothing will be laundered[12] prior to cell contents being packed for any type of transfer.

2. *When an inmate is being transferred, an inventory of his/her property will be conducted. The items shall be laid out in the inmate's presence and both the inmate and the officer will sign the DC-153, Inmate Personal Property Inventory Form. If there are multiple boxes, the boxes shall be numbered (i.e. 1 of 2, 2 of 2, etc.) and include the inmate's name and number.*

3. If the inmate cannot be physically present when his/her property is being packed and inventoried, or if he/she represents a security threat, two officers shall inventory and process the inmate's property and both officers will sign the **DC-153**. A notation will be made as to why the inmate was not present. The two officers will be responsible for sealing the boxes with sealing tape and signing his/her name over the tape. *If there are multiple boxes, the boxes* shall be numbered (i.e. 1 of 2, 2 of 2, etc.) *and include the inmate's name and number.*

4. Facility Transfers

   a. When an inmate is scheduled for transfer to another facility, he/she will be permitted a maximum of two records center boxes and a television box for shipment on the bus/van. One standard size footlocker may be substituted for the two boxes.

   b. If an inmate's personal property requires additional standard boxes, the inmate shall be informed that additional boxes (two additional boxes for permitted cell contents items, and any additional boxes of authorized legal materials) will be shipped by the least expensive common carrier available (U.S. Mail, UPS, etc.) to the receiving facility, or to an address of the inmate's choice at the inmate's expense, or the items are to be destroyed. The Facility Manager may approve an exception for an indigent inmate in extraordinary circumstances.

   c. Three sets of State Issued Clothing shall be packed with property that is to accompany the inmate. The clothing items shall be labeled and properly sized for the inmate who is being transferred. If the inmate has less than three sets of State Issued Clothing, he/she will be charged for the sets that are not accounted. If the inmate has more than the basic State Issued Clothing, it will be confiscated, laundered and returned to inventory for reissue. This does not apply to inmates transferred from DCC facilities.

   d. The inmate's television should be securely packed, either in the original container or in a box supplied by the facility, with appropriate packing material. If the original box and packing material is not used, the box containing the television should be clearly labeled as containing a television set. Inmate clothing may be used to secure or pad the television. When an inmate's property is used for packing material, the box shall be marked on the outside accordingly, e.g., "This box contains one television and inmate clothing has been used for packing." The condition of the television

---

[12] 4-4339

# EXHIBIT



DC-804
Part 1
Rev 9/2010

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001-0598**

FOR OFFICIAL USE
730112
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR Ms. Wendy Shaylor | FACILITY: GRA | DATE: 4-4-18 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Michael Andrews DG1103 | SIGNATURE OF INMATE: Michael Andrews | |
| WORK ASSIGNMENT: N/A | HOUSING ASSIGNMENT: HB-1003 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of
   staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two
   pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

On 4-2-18 I received a initial Review Response From LT-C. Diguardi, however, this response is my second IRR. The response states that CO L.Tucker was interviewed in concern of grievance# 722499. LT-Diguardi, is in violation of policy DC-ADm 804 inmate grievance LT-Diguardi, filed a false report in concerns of grievance #722499. On 4-3-18 I received a request slip back from CO L.Tucker, stating that he was "never interviewed" at all in concern of grievance #722499. I will be adding this cover up of the destroying of my personal property LT-Diguardi actions need to be oppugn. There was no need for LT-Diguardi to file a false report. I am seeking

B. List actions taken and staff you have contacted, before submitting this grievance.

Wendy Shaylor                 Capt. Williams
LT-Knapp                      Mr. RoKiel- Counselor, HB
CCMP-Terra

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____          _____
Signature of Facility Grievance Coordinator              Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*                    *Attachment 1-A*
Issued: 12/1/2010
Effective: 12/8/2010

SECOND PAGE OF GRIEVANCE: 730112

monetary damages for the false report of LT-Diguardi,
for allowing my personal property that is missing
to be covered up with a false report by the staff
member that was in charge of the investigation and
taking advantage of a mentally ill resident.
LT-Diguardi is allowing the "SECURITY TEAMS" at SCI-
GRATERFORD to destroy inmates/residents personal
property by filing fake investigation reports.  The
names of all staff LT- Diguardi created this fake
false report for is listed below.

1). CO' Kelly
2). CO' CRUZ
3). Thomas (SECURTIY)

4). Brown (SECURITY)
5). W L. James (SECURITY)
6). CO' LYNCH (SECURITY)
7). UNIT MANAGER- NUNEZ
8). CO' PAYNE (SECURITY)

LT- DIGUARDI is not reporting the true of what CO'
L. TUCKER told unit manager Nunez that my property
was in two trash bags that had water in them with
my personal property.  The relief I sought is twenty
thousand dollars for all my lost personal property
and for destroying my personal pictures of my "MOTHER"
which I am never going to be able to get because of
her passing away.  I am prepared to take this cover
up to civil court and I will win because LT-DIGUARDI
is 100% WRONG BY FILING A FAKE FALSE REPORT TO COVER
UP THE CORRUPTION OF STAFF.

**I SHOULD NOT BE RETALIATED AGAINST FOR ASSERTING**
**MY FIRST AND EIGHTH AMENDMENT RIGHT.**

# EXHIBIT



## INITIAL REVIEW RESPONSE
### SCI Graterford
PO Box 246, Graterford PA 19426

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name: | Andrews, Michael | Inmate Number: | DG1103 |
|---|---|---|---|
| Facility: | SCI Graterford | Unit Location: | ~~B-B-1070~~ |
| Grievance #: | 722499 | Grievance Date: | 2/17/2018 |

| Decision: | ☐ Uphold Inmate<br>XX Grievance Denied *MV* <br>☐ Uphold in part/Denied in part |
|---|---|

*It is the decision of this grievance officer to uphold, deny **or uphold in part/deny in part** the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

| Response: | Frivolous |
|---|---|

Inmate Andrews DG1103 your initial grievance has been received and during the investigation, the following facts were discovered. I spoke with CO1 Tucker and he denied throwing away anything other than trash. He packed everything that belonged to you and submitted a property inventory form. You did state that that CO1 Tucker had an inventory form with his name on it but no date. Due to the fact you did not include this property sheet and the above officers answer to my questions I have no choice but to deny your grievance.

LT
C. Diguardi

| Signature: | *[signature]* |
|---|---|
| Title: | Corrections Officer 3 |
| Date: | 3-15-2018 |

***DC-ADM 804, Inmate Grievance System Procedures Manual***
***Section 1 – Grievances & Initial Review***
Issued: 3/31/2014
Effective: 5/1/2014

*Attachment 1-D*

# EXHIBIT



| Form DC-135A **INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania Department of Corrections **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer) Officer: L. Tucker : B-2 Shift | 2. Date: 4-3-18 |
|---|---|
| 3. By: (Print Inmate Name and Number) Michael Andrews DG1103 _Michael Andrews_ Inmate Signature | 4. Counselor's Name Mr. Rokieler |
| | 5. Unit Manager's Name M.S. Sellers |
| 6. Work Assignment N/A | 7. Housing Assignment HB-1003 |

8. Subject: State your request completely but briefly. Give details.

CO L. Tucker I received my IRR back From LT-C. Niouardi in his report he stated you were interviewed by him I would like to Know if this interview took place on the Subject of Grievance # 722499 in concern of my property.

9. Response: (This Section for Staff Response Only)

CO1 Tucker recied no interview I-C.R. Tucker/

APR 04 2018

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date _____
                          Print                              Sign

Revised July 2000

# EXHIBIT

# G

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS**



FOR OFFICIAL USE
72~2499
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR Ms. Wendy | FACILITY: C.P.A. | DATE: 2-17-18 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Michael Andrews DG1103 | SIGNATURE OF INMATE: *Michael Andrews* | |
| WORK ASSIGNMENT: NA | HOUSING ASSIGNMENT: DB-1070 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

On 12-19-17 I was placed in RHU by security I never had a chance to inventory my property until 2-16-18. The officer Kelly on two to ten shift said he packed my property and threw some of it away before taking it to property room, there is no inventory sheet of this. Officer L. Tucker, told me that he packed my property and threw some of my property away and that he took my property to the property room. CO L. Tucker did however, had a inventory sheet with his name attach'd but had no date on it. I am missing twenty pictures of my mother who has passed away (20). If my pictures are not return'd along with other missing property I will be launching a Law suit for monitary damages. On 2-19-18 I spoke with Kelly as to why he searched my room after security had Co Kelly told me he threw away my property because he thought it was trash and he could.

B. List actions taken and staff you have contacted, before submitting this grievance.

Um: Grenvich, L Block          C.O. Brown: Security          I should
CCPM Terra                     not be
Warden - Link                  C.O. L. Tucker                 retaliated
CO Thomas : Security           Um: Nunez                      against.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                                    2-21-18
Signature of Facility Grievance Coordinator                Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*                   *Attachment 1-A*
Issued: 1/26/2016
Effective: 2/16/2016

# EXHIBIT



**GRIEVANCE REJECTION**
SCI Graterford
PO Box 246, Graterford PA 19426

This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System", I have reviewed all documents provided as part of the grievance. Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| Inmate Name: | Michael Andrews | | Inmate Number: | DG-1103 |
|---|---|---|---|---|
| **Facility:** | SCI Graterford | | **Unit Location:** | HB-1003 |
| **Grievance #:** | 730112 | | | |
| **Category:** | Property | | | |

| Decision: | | Rejection |
|---|---|---|
| ✓ | | *Your grievance is being rejected for the reason(s) outlined below.* |

| Rationale: | | |
|---|---|---|
| | | 1. Grievances related to the following issues shall be handled according to the procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| | | a) DC ADM 008 Prison Rape Elimination Act (PREA) – allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact |
| | | b) DC ADM 801 Inmate Discipline/Misconduct Procedures |
| | | c) DC ADM 802 Administrative Custody Procedures |
| | | 2. The grievance was not submitted within fifteen (15) working days after the events upon which claims are based. |
| | | 3. Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. |
| | | 4. The grievance was not signed and/or dated with correct commitment name, number, contained UCC references, or was not presented in proper format. |
| | | 5. Grievance must be legible, understandable, and presented in a courteous manner. |
| | | 6. The grievance exceeded the two page limit. Description needs to be brief. |
| | | 7. Grievance does not indicate that you were personally affected by a Department or facility action or policy. |
| | | 8. Grievances based upon different events must be presented separately. |
| | | 9. The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed. Prior grievance # |
| | | 10. Group grievances or grievances filed on behalf of another inmate are prohibited. |
| | XX | 11. Grievance disputes previous grievances, appeal decisions or staff members who rendered those decisions. |
| | | 12. You are currently on grievance restriction. You are limited to one grievance every 15 working days. Last grievance #                was submitted on |
| | | 13. You have not provided this Office with required documentation for proper review such as a DC-153A, Personal Property Inventory Sheet, Confiscated Items Receipt, Commissary/Outside Purchase Form and/or documents outlined on the DC ADM 005 Notification of Deductions Memo and/or the Notification of Amended Deductions Memo. |
| | | 14. ***The publication appeal did not include a copy of the Notice of Incoming Publication Denial Form. (Attachment 3-B of DC-ADM 803)*** |

| Response: | |
|---|---|
| | |
| | |

| Signature: | Morgan Shoneberger |
|---|---|
| Title: | Acting Facility Grievance Coordinator |
| Date: | 4/5/2018 |

cc: DC-15
   File

***DC-ADM 804, Inmate Grievance System Procedures Manual***
***Section 1 – Grievances & Initial Review***
Issued: 1/26/2016
Effective: 2/16/2016

***Attachment 1-C***

# EXHIBIT



# Facility Manager's Appeal Response
## SCI Graterford
PO Box 246, Graterford PA 19426

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| Inmate Name: | Michael Andrews | Inmate Number: | DG-1103 |
|---|---|---|---|
| Facility: | SCI Graterford | Unit Location: | H-B-1003 |
| Grievance #: | 722499 | | |
| Publication (if applicable): | | | |

| Decision: | ✓ Uphold Response (UR)   ☐ Uphold in part/Deny in part<br>☐ Uphold Inmate (UI)<br>☐ Dismiss/Dismiss Untimely |
|---|---|

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | | *Frivolous* | |
|---|---|---|---|

In your appeal you state that you were placed in the DTU under a security team. You allege that on or about 12/27/2017 Officer Kelly and Officer Cruz went into your cell and destroyed your personal property. You state that the two officers went into your cell, for no reason, packed and trashed your property. You claim that when asked, CO Tucker told Unit Manager Nunez that he thought the two clear bags were trash and threw them out.

I have investigated your claims and these are my findings:

Officer Kelly was not in the Institution on 12/19/2017 or 12/27/2017, the dates you claim he "threw away your property". CO Tucker reports he remembers throwing trash away, but nothing else. Records indicate that you refused to sign your property sheet on 2/16/2018. Due to this refusal, it is impossible to say what you currently have in your possession versus what is allegedly missing.

Due to these findings, I am upholding the decision of the grievance officer, and any and all compensation is denied.

| Signature: | Tammy Ferguson |
|---|---|
| Title: | Facility Manager |
| Date: | 4/17/2018 |

cc: DC-15
   File

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 – Appeals**
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 2-B*

# EXHIBIT

J

**Facility Manager's Appeal Response**
**SCI Graterford**
PO Box 246, Graterford PA 19426

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| Inmate Name: | Michael Andrews | | Inmate Number: | DG-1103 |
|---|---|---|---|---|
| **Facility:** | SCI Graterford | | **Unit Location:** | H-B-1003 |
| **Grievance #:** | 730112 | | | |
| ***Publication (if applicable):*** | | | | |

| Decision: | ✓ Uphold Response (UR)    ☐ Uphold in part/Deny in part |
|---|---|
| | ☐ Uphold Inmate (UI) |
| | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| **Response:** | | *Frivolous* | |
|---|---|---|---|

In your appeal you state that you received your initial response back from Lt. Diguardi for grievance #722499. You claim that on 4/4/2018 you received a request slip back asking CO Tucker if he was interviewed for this grievance, to which, he said no. You claim that there is no reason as to why this grievance was rejected other than to cover up a false report by Lt. Diguardi.

I have investigated your claims and these are my findings:

Per DC-ADM 804 Inmate Grievance System Procedures Manual, any grievance issue that has been, or is currently being addressed will not be re-assdressed in a subsequent grievance.

Due to these findings, I am upholding the decision of the grievance officer, and any and all compensation is denied.

| Signature: | Tammy Ferguson |
|---|---|
| Title: | Facility Manager |
| Date: | 4/17/2018 |

cc:     DC-15
         File

# EXHIBIT

M

**FINAL APPEAL DECISION DISMISSAL**
**Secretary's Office of Inmate Grievances & Appeals**
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to final review for the grievance identified below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," this Office has reviewed all documents provided as part of the grievance record. Upon consideration of the entire record, it is the decision of this office to dismiss your appeal to final review due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| Inmate Name: | Michael Andrews | | Inmate Number: | DG1103 |
|---|---|---|---|---|
| SCI Filed at: | Graterford | | Current SCI: | Graterford |
| Grievance #: | 722499 | | | |

| Decision: | | Dismiss |
|---|---|---|
| | 1) Your grievance was properly rejected at the facility level for the reason(s) outlined below. |
| X | 2) Your grievance is being dismissed at the final appeal level for the reason(s) outlined below. |

| Rationale: | | |
|---|---|---|
| | 1. | Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| | | a) DC ADM 008 Prison Rape Elimination Act (PREA) – allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact |
| | | b) DC ADM 801 Inmate Discipline/Misconduct Procedures |
| | | c) DC ADM 802 Administrative Custody Procedures |
| | 2. | The grievance or appeal was not submitted within fifteen (15) working days after the events upon which claims are based. |
| | 3. | Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. |
| | 4. | The grievance was not signed and/or dated with correct commitment name, number, contained UCC references, or was not presented in proper format. |
| | 5. | Grievance or appeal must be legible, understandable, and presented in a courteous manner. |
| | 6. | The grievance or appeal exceeded the two-page limit. Description needs to be brief. |
| | 7. | Grievance does not indicate that you were personally affected by a Department or facility action or policy. |
| | 8. | Grievances based upon different events must be presented separately. |
| | 9. | The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed. Prior grievance # |
| | 10. | Group grievances or grievances filed on behalf of another inmate are prohibited. |
| | 11. | Grievance disputes previous grievances, appeal decisions or staff members who rendered those decisions. |
| | 12. | You are currently on grievance restriction. You are limited to one grievance every 15 working days. Last grievance # was submitted on |
| X | 13. | You have not provided required and/or legible documentation for proper review. |
| | 14. | An appeal to final review is not permitted when you fail to comply with submission procedures. |

| Response: | |
|---|---|
| Your initial grievance reflects "1 of 2 pg"; however, you failed to provide this office a copy of the second page. |

| Signature: | Dorina Varner | *[signature]* |
|---|---|---|
| Title: | Chief Grievance Officer | |
| Date: | 6/8/2018 | |

DLV/amw

cc:    DC-15/Supt. Ferguson
        Grievance Office

2018

### Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of information associated with your intent to appeal a grievance (identified below, if available) to final review, to communicate your concern(s) to the Secretary's Office of Grievances and Appeals, and/or to check the status of review related to your matter.

| Inmate Name: | Michael Andrews | Inmate Number: | DG1103 |
|---|---|---|---|

| SCI Filed at: | Graterford | Current SCI: | Graterford |
|---|---|---|---|

| Grievance # (if available): | 722499 |
|---|---|

| | |
|---|---|
| X | a) You have already received final disposition/review on this issue through this Office. |
| | b) This Office has no prior record of receipt of an appeal from you regarding this issue. |
| | c) You have already filed a grievance to seek review and resolution of this matter. |
| | d) You are encouraged to work through institutional channels to resolve your complaint initially. If unable to resolve your complaint informally, be advised that DC-ADM 804 provides a mechanism for all inmates to seek formal resolution for concerns. |
| | e) You failed to provide the official grievance number for identification purposes. |
| | f) Your claim to have grieved and/or appealed this concern at the institutional level without response does not entitle you to direct appeal to final review. Rather, contact the Grievance Coordinator or Facility Manager's office regarding the status of your appeal. |
| | g) You have not yet appealed this issue to the Facility Manager. Final review will not be granted until you do so. Upon receiving a response from the Facility Manager at the respective facility, you may once again submit a timely written appeal to this Office for final review. Be sure that your appeal to this office includes **all** the necessary documents as outlined in DC ADM 804. If **all** documents are not received with your appeal, it may be dismissed. This response does not grant you a right to an appeal if it would otherwise have been untimely to pursue that appeal to the Superintendent. |
| X | h) Your grievance and/or correspondence is being filed without further action for the reason(s) specified in the Comments/Action Taken section below. |
| | i) The following action has been taken in response to the inquiry, request, or concern communicated in your letter. |

**Comments/Action Taken:**

This is in response to your 6/18/18 correspondence regarding the dismissal of your appeal to final review for grievance #722499. It is noted that with your correspondence you included another copy of the second page of your appeal to the superintendent. However, as indicated on the dismissal from this office, you failed to provide the second page of your *initial grievance*. Your claim that this office has shown a "bias pattern" by dismissing your grievances is unsupported, as the DC ADM 804 clearly outlines the documentation you are required to provide with an appeal to final review. Any further correspondence regarding this matter will be filed without action/response.

| Signature: | Amanda West | Title: | Grievance Review Officer |
|---|---|---|---|
| Date: | 6/29/2018 | | |

AMW

cc:   DC-15/Supt. Ferguson
      Grievance Office

# EXHIBIT

N

# FINAL APPEAL DECISION DISMISSAL
## Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to final review for the grievance identified below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," this Office has reviewed all documents provided as part of the grievance record. Upon consideration of the entire record, it is the decision of this office to dismiss your appeal to final review due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| Inmate Name: | Michael Andrews | Inmate Number: | DG1103 |
|---|---|---|---|
| SCI Filed at: | Graterford | Current SCI: | Graterford |

| Grievance #: | 730112 | | |
|---|---|---|---|

| Decision: | | Dismiss |
|---|---|---|
| | 1) Your grievance was properly rejected at the facility level for the reason(s) outlined below. |
| X | 2) Your grievance is being dismissed at the final appeal level for the reason(s) outlined below. |

| Rationale: | | |
|---|---|---|
| | 1. | Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| | | a) DC ADM 008 Prison Rape Elimination Act (PREA) – allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact |
| | | b) DC ADM 801 Inmate Discipline/Misconduct Procedures |
| | | c) DC ADM 802 Administrative Custody Procedures |
| | 2. | The grievance or appeal was not submitted within fifteen (15) working days after the events upon which claims are based. |
| | 3. | Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. |
| | 4. | The grievance was not signed and/or dated with correct commitment name, number, contained UCC references, or was not presented in proper format. |
| | 5. | Grievance or appeal must be legible, understandable, and presented in a courteous manner. |
| | 6. | The grievance or appeal exceeded the two-page limit. Description needs to be brief. |
| | 7. | Grievance does not indicate that you were personally affected by a Department or facility action or policy. |
| | 8. | Grievances based upon different events must be presented separately. |
| | 9. | The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed. Prior grievance # |
| | 10. | Group grievances or grievances filed on behalf of another inmate are prohibited. |
| | 11. | Grievance disputes previous grievances, appeal decisions or staff members who rendered those decisions. |
| | 12. | You are currently on grievance restriction. You are limited to one grievance every 15 working days. Last grievance #      was submitted on |
| X | 13. | You have not provided this Office with required and/or legible documentation for proper review. |
| | 14. | An appeal to final review is not permitted when you fail to comply with submission procedures. |

| Response: | |
|---|---|
| **A copy of your appeal to the superintendent was not received. Therefore, your appeal to this office is dismissed.** | |

| Signature: | Dorina Varner *Tori Moore for* |
|---|---|
| Title: | Chief Grievance Officer |
| Date: | 5/16/18 |

DLV/klm

cc:  DC-15/Superintendent Ferguson
  Grievance Office

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 2 – Appeals*
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 2-G*



# EXHIBIT

P

| DC-153M Rev 1/2012 | COMMONWEALTH OF PENNSYLVANIA |
|---|---|
| **INMATE PERSONAL PROPERTY INVENTORY** | DEPARTMENT OF CORRECTIONS |
| ☐ Transfer  ☐ Hold  ☐ Initial Disposition  ☐ Other | Facility: |

| DC Number | Name | Method of Disposition | 943892 |
|---|---|---|---|
| DG 6103 | Andre Michael | S – Ship,  R – Return to Inmate   D – Destroy  (H –)Hold for Inmate | |

| CLOTHING & ACCESSORIES | | | FOOD (Continued) | | | GROOMING/HEALTH (Continued) | | | MISCELLANEOUS (Continued) | | | FEMALES ONLY | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ITEM | NO. | METH | ITEM | NO. | METH | ITEM | NO. | METH | ITEM | NO. | METH | ITEM | NO. | METH |
| State Issued | | | Coffee | | | Eyeglasses | | | Dictionary | 1 | H | Bra | | |
| Belt | | | Cookie | 1 | H | Eyeglass Case | | | DOC Handbook | | | Bleach Cream | | |
| Boxers | | | Condiments: | | | Eyeglasses – Sun | | | Ear Buds | | | Body Wash | | |
| Comm/Laundry Bag | | | BBQ Sauce | | | Face Cream | | | Envelopes | | | Crochet Hooks | | |
| ID Card | 1 | H | Grape Jelly | | | Foot Powder | | | Extension Cord | 3 | H | Crochet Items | | |
| Jacket (lightweight) | | | Honey | | | Hair Dressing | | | File Folder | | | Cross Stitch Thread | | |
| Pants | | | Ketchup | | | Hemorrhoid Cream | | | Games | 10 | H | Emory Board | | |
| Shirts | | | Mustard | | | Hydrocortisone | | | Greeting Cards | 10 | H | Eye Makeup | | |
| Socks | 11 | H | Mayo | | | Laxative | | | Headphones | 1 | H | Hair Picks/Pins | | |
| Summer Hat (cap) | | | Salsa | | | Lotion | 2 | H | Headphone Ext | 1 | H | Hair Removal Cream | | |
| T-Shirt | 3 | H | Crackers | | | Medical Bracelet | | | Headphone Split | 1 | H | Lipstick | | |
| Towels | 5 | H | Drink Mix | | | Mirror | 1 | H | ID Holder | | | Miconazole Cream | | |
| Washcloths | | | Milk (powdered) | | | Mouth Wash | 1 | H | Keys | | | Pajamas (top) | | |
| Winter Coat | | | Nuts | | | Muscle Rub | | | Laundry Detergent | | | Panty Liners | | |
| Winter Hat (knit hat) | 1 | H | Oatmeal | | | Nail Trimmers | 1 | H | Legal Mail | All | H | Rollers | | |
| Footwear: | | | Packaged Meats: | | | Pain Relief | | | Letters/Mail | | | Sanitary Napkins | | |
| Boots/Shoes | 3 | H | Beef | 1 | H | Petroleum Jelly | | | Light Bulb | 1 | H | Scarf | | |
| (1) | | | Chicken | 4 | H | Ponytail Holder | | | Lock | 2 | H | Scissors | | |
| (2) | | | Fish | | | Q-Tips | | | Magazines | | | Shower Cap | | |
| Sneakers | 2 | H | Meat Stick | | | Razors | | | Mono Jack | | | Side Combs | | |
| (1) | | | Pork | | | Saline | | | Notebook | 7 | H | Tampons | | |
| (2) | | | Sausage | 2 | H | Shampoo | 2 | H | Paper: | | | Tweezers | | |
| (3) | | | Mrs. Dash | | | Shaving Cream | | | Carbon | | | Yarn | | |
| Shoe (medical) | | | Pasta Sauce | | | Soap | 2 | H | Notebook | | | | | |
| Shower Shoes | 1 | H | Pastries | 2 | H | Soap Dish | 1 | H | Typing | | | | | |
| Non-State Issued | | | Peanut Butter | | | Toilnatate Cream | | | Paperwork | All | H | | | |
| Athletic Shirt | | | Pickles | | | Toothbrush | 1 | H | Photo Album | | | | | |
| Gloves | 2 | H | Popcorn | | | Toothbrush Case | | | Photographs | All | H | | | |
| Handkerchief | | | Pretzels | | | Toothpaste | 2 | H | Playing Cards | | | | | |
| Headband | | | Rice | | | Towel | | | Prayer Rug | | | | | |
| Laundry Bag | 3 | H | Sugar/Substitute | | | Vitamins | | | Rug | | | | | |
| Rain Poncho | | | Soup | 6 | H | Washcloth | | | Ruler | | | | | |
| Religious Headgear | | | Tea | 1 | H | | | | Scotch Tape | | | | | |
| Robe | | | Tortillas | | | | | | Sewing Kit | 1 | H | | | |
| Shoe Brush | | | Vegetables | 1 | H | | | | Tablet (Legal) | 1 | H | OTHER APPROVED ITEMS | | |
| Shoe Polish | | | | | | MISCELLANEOUS | | | Tissues | | | (grandfathered items, etc.) | | |
| Socks | 4 | H | | | | ITEM | NO. | METH | Venda Card | | | | | |
| Sweat Pants | | | | | | Address Book | | | Wash Tub | 1 | H | T-Shirt | 1 | H |
| Sweat Shirts | | | GROOMING/HEALTH | | | Art Supplies: | | | Waste Basket | | | Lamp | | |
| Sweat Shorts | | | ITEM | NO. | METH | Canvas Board | | | Y-Adaptor | | | | | |
| T-Shirt | 12 | H | Acne Cream | | | Drawing Pad | | | | | | Ms Dash | 1 | H |
| Thermal Bottom | 1 | H | Allergy Tablets | | | Erasers | | | TOBACCO | | | Spice | 1 | H |
| Thermal Top | 3 | H | Antacid | | | Highlighters | | | ITEM | NO. | METH | | | |
| Underwear | 8 | H | Antibiotic Cream | | | Markers | 6 | H | Cig Papers | | | | | |
| Wristbands | | | Band Aids | 1 | H | Paint | | | Cig Roller | | | | | |
| | | | Brush | | | Paint Brush | | | Cig Carton | | | | | |
| FOOD | | | Chap Stick | | | Paint Case | | | Cig Package | | | | | |
| ITEM | NO. | METH | Chest Rub | | | Pen | | | Cigar | | | | | |
| Bagel | | | Cocoa Butter | | | Pencil | | | Lighter | | | | | |
| Breakfast Food | | | Comb | | | Pencil – Colored | All | H | Matches | | | | | |
| Candy Bag | | | Conditioner | | | Batteries | 4 | H | Pipe | | | | | |
| Candy Bar | | | Contact Lenses | | | Binder | | | Pipe Cleaners | | | | | |
| Cereal Bag | | | Cough Drop/Syrup | | | Books: | | | Pipe Filters | | | | | |
| Cereal Bar | | | Dental Floss | | | Legal | | | Tobacco Chew | | | | | |
| Cheese | 1 | H | Dentures | | | Personal | 11 | H | Tobacco Cig | | | | | |
| Cheese Puffs | | | Denture Brush | | | Religious | | | Tobacco Pipe | | | | | |
| Chili Beans | | | Denture Cleaner | | | Book Light | | | Tobacco Pouch | 4 | H | | | |
| Chips | | | Denture Cream | | | Bowl w/Lid | | | Tobacco Snuff | | | | | |
| | | | Deodorant | | | Cup | | | | | | | | |

| ITEM | DESCRIPTION OR SERIAL NO. | NO. | METH | OPERATIONAL | | |
|---|---|---|---|---|---|---|
| | | | | YES | NO | COMMENTS |
| AC Adapter | | | | | | |
| Calculator | T, B | 1 | H | | | |
| Converter Box | | | | | | |
| Drum Set | | | | | | |
| Earrings | | | | | | |
| Fan | CF 601  PCA | 1 | H | | | |
| Foot Locker | Black w/Tap  ice | 1 | H | | | |
| Gig Bag | | | | | | |
| Guitar | | | | | | |
| Guitar Strings | | | | | | |
| Instrument Case | | | | | | |
| Keyboard | | | | | | |
| MP3 Player | | | | | | |
| Necklace (female only) | | | | | | O-ni270 |
| Necklace – Religious | | | | | | |
| Radio | | 1 | H | | | 1271/HR |
| Radio-Cassette/Walkman | | | | | | |
| Ring | | | | | | |
| Surge Protector – 5 Outlet | 5kor | 1 | H | | | |
| TV | R1501701 k0002117 | 5 | H | | | date pack |
| TV-Antenna | Tise | | | | | |
| TV-Remote | Black | 1 | H | | | |
| Typewriter | L 205 80974 | 1 | H | | | |
| Typewriter Ribbon | | 2 | H | | | |
| Watch | | | | | | |

| Mail To: | | Articles marked "S" mailed (Signature and title) | Date Mailed |
|---|---|---|---|

| The property described above was inventoried and processed as indicated | | The property above was received and processed |
|---|---|---|
| Signature of Property Officer (print last name)    Signature of Inmate | | Refused  01 H G Jook |
| SCIG | | Signature of Property Officer (print last name)    Signature of Inmate |
| Facility    Date | | SCIG    16 Feb 18 |
| | | Facility    Date |

All property is/was present and accounted for. No property was missing and/or damaged. Property exceeding the allowable property limit has been addressed per the applicable policy. Excess property in the form of legal property (active cases only) is in accordance with Department policy 6.3.1 Section 20. The inmate has been informed that allowable property must be contained in the containers permitted by the applicable policy. Inmate's signature above acknowledges accuracy.

# of Boxes:

**WHITE** – DC-15 AFTER PROCESSING COMPLETED
**CANARY** – INMATE COPY AFTER ALL PROCESSING COMPLETED

**PINK** – SENDING FACILITY COPY OR MAILROOM, IF APPLICABLE
**GOLDENROD** – INMATE COPY WHEN ITEMS ARE INVENTORIED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**U.S. COURTHOUSE**
**INDEPENDENCE MALL WEST**
**601 MARKET STREET**
**PHILADELPHIA, PA. 19106-1797**

July 26, 2018

Michael Andrews
DG-1103
PO Box 244
Collegeville, PA 19426

Enclosed please find the following forms which you have requested:

_____1_____ **42 U.S.C. §1983** Civil Rights Complaint

_____ Pro Se General Complaint Form

_____ **28 U.S.C. §2241** Habeas Corpus Petition

_____ **28 U.S.C. §2254** Habeas Corpus Petition

_____ **28 U.S.C. §2255** Motion to Vacate, Set Aside or Correct Sentence

_____ **28 U.S.C. §285** Process Receipt & Return
**\*Forms will be issued when Complaint is filed\***
**\*Please contact the Marshal's with any questions concerning service and request for form.\***

_____ Please contact the **Institution's Law Library**: To assist in drafting Petition.   No legal advice.

_____ OTHER:

RECEIVED JAN - 8 2019

dmc/
Enclosure